IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STACY GEBHART,<br><br>        Plaintiff,<br><br>v.<br><br>DARRYL GIBSON, JEFF SAFTLEY, JEFF SHOTTS, TY TAYLOR, and JENNIFER SCHULTZ,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 4:24-cv-00050-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendants' Motion to Dismiss.[1] This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[2] For the reasons discussed below, it is recommended that the Motion be granted.

## I.  BACKGROUND

Plaintiff brings this case against Defendants, who she alleges are the board of directors of Experian Information Solutions, Inc. Plaintiff alleges that Defendants have violated the Fair Credit Reporting Act ("FCRA") by reporting a dismissed bankruptcy case on Plaintiff's credit report. Plaintiff also brings claims for defamation and negligence.

Defendants seek dismissal, arguing that Plaintiff failed to properly effectuate service of process and that her Complaint fails to state a claim.

---

[1] Docket No. 20, filed July 30, 2024.

[2] Docket No. 22.

## II.  DISCUSSION

A.    SERVICE OF PROCESS

Under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4."[3] "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery."[4] "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint."[5]

Motions under these provisions "differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained."[6] The plaintiff has the burden of establishing the validity of service.[7] If a plaintiff fails to meet their burden, the Court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant."[8]

---

[3] *Richardson v. All. Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994) (quoting Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1353 (2d ed. 1990)) (hereinafter Fed. Prac. & Proc.).

[4] *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (internal quotation marks and citation omitted).

[5] Fed. Prac. & Pro. § 1353 (3d ed. 2004).

[6] *Id.* § 1354.

[7] *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

[8] Fed. Prac. & Pro. § 1354; *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("We note that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.").

Federal Rule of Civil Procedure 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Utah law allows service by mail, "provided the defendant signs a document indicating receipt."[9]

Here, service of the Complaint upon Defendants was deficient because, though Plaintiff purported to effectuate service by first class mail, there is nothing to indicate that any Defendant signed a document indicating receipt. In fact, there is no evidence that anyone signed for the summons and Complaint.[10]

Further, under Rule 4(m), service must be effectuated within 90 days after the complaint is filed. As noted, Plaintiff has not served the individual Defendants with either the Complaint or a summons, and more than 90 days have passed since the Complaint was filed. Rule 4(m) dictates that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[9] Utah R. Civ. P. 4(d)(2)(A). Plaintiff does not argue that service was proper under California law, where service was made. Even if she did, service was deficient under California law. That law requires the summons and complaint "be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender" and that the form be executed and returned to the sender. Cal. Code. Civ. P. 415.30(a), (c). There is no evidence to suggest that Plaintiff complied with this procedure.

[10] *See Towner v. USAA Fed. Sav. Bank*, No. 2:14-CV-148-DN-DBP, 2014 WL 2608517, at *2 (D. Utah June 11, 2014) (determining plaintiff failed to serve given "no record evidence" of signed receipt).

But even "a plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion."[11]

    For the reasons discussed below, it is recommended that the Court decline to exercise its discretion to allow Plaintiff additional time to properly serve Defendants since her claims fail on the merits.

B.    FAILURE TO STATE A CLAIM

    In addition to arguing that service of process was deficient, Defendants also argue that her claims fail as a matter of law. Because Plaintiff is proceeding *pro se*, the Court construes her pleadings liberally,[12] but will not assume the role of advocate for a *pro se* litigant.[13] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[14] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[15] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

---

[11] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[12] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[18] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[19]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[20] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[21] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[22]

*1.     FCRA*

Congress adopted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

---

[17] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[18] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[19] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[20] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[21] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[22] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."[23] To carry out this purpose, the FCRA outlines the procedures a consumer reporting agency must follow to carry out their duties.

A consumer reporting agency is

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.[24]

Defendants argue that they are not a "consumer reporting agency" under the statute. Assuming for the sake of this Motion that officers of a consumer reporting agency can be subject to personal liability under the FCRA, Defendants cannot be held liable solely because they are officers or employees of Experian.[25] Plaintiff fails to allege that any of the individual Defendants played any role in including Plaintiff's dismissed bankruptcy case on her Experian credit report.

---

[23] 15 U.S.C. § 1681(b).

[24] *Id.* § 1681a(f).

[25] *Bath v. Boundy*, No. 18-cv-00384-RBJ-STV, 2018 WL 3382934, at *3 (D. Colo. June 12, 2018) (rejecting claims against CEO of Experian where there were no allegations of personal involvement), *report and recommendation adopted*, 2018 WL 4368677 (D. Colo. Aug. 6, 2018); *McNack v. Smith*, No. 2:14-cv-04810-CAS(SPx), 2015 WL 7302218, at *5 (C.D. Cal. Nov. 16, 2015) (complaint alleging FCRA violations against Equifax and TransUnion officers failed to "allege[ ] sufficient facts to impose personal liability" where it lacked "any allegations that either [of the individual defendants] in some way participated or were involved in the conduct alleged in the complaint"); *Sloan v. Trans Union, LLC*, No. 10-10356, 2010 WL 1949621, at *2 (E.D. Mich. Apr. 22, 2010) ("The individual defendants [in a FCRA action] cannot be held liable solely because they are the chief executive officers for the corporate defendants."), *report and recommendation adopted*, 2010 WL 1949622 (E.D. Mich. May 13, 2010).

Without allegations of personal participation, Plaintiff's claims against the individual Defendants fail.

>    2.    *State Law Claims*

Defendants also seek dismissal of Plaintiff's state law claims of defamation and negligence. The FCRA preempts claims for defamation and negligence stating that, "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."[26]

"To succeed on the claims mentioned in the statute, a plaintiff must provide evidence that the defendant acted with malice or a willful intent to injure."[27] Plaintiff's allegations in this regard are conclusory and devoid of further factual development and are therefore preempted. In addition to being preempted, Plaintiff's claims fail because they are a mere recitation of the elements, which is insufficient. Therefore, these claims are subject to dismissal.

## III. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 20) be granted.

---

[26] 15 U.S.C. § 1681h(e).

[27] *Dewild v. TransUnion LLC*, No. 2:13-cv-00175-DN, 2013 WL 4052629, at *2 (D. Utah Aug. 12, 2013).

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

SO ORDERED this 21st day of August, 2024.

PAUL KOHLER
United States Magistrate Judge