THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STACY A. GEBHART,<br><br>                    Plaintiff,<br><br>v.<br><br>DARRYL GIBSON, JEFF SAFTLEY, JEFF SHOTTS, TY TAYLOR, and JENNIFER SCHULTZ,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT & RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**<br><br>Case No. No. 4:24-cv-00050-PK<br><br>District Judge David Nuffer |

The Report and Recommendation[1] issued by United States Magistrate Judge Paul Kohler on August 23, 2024, recommends that the Defendants' Motion to Dismiss[2] Plaintiff's Complaint with prejudice be granted. Plaintiff filed a Response[3] in opposition to Defendants' Motion; Defendants filed a Reply;[4] and Plaintiff filed a Sur-Reply.[5] De novo review has been completed of the proposed findings and Report and Recommendation. The parties were notified of the Report and Recommendation and more than 14 days elapsed since the notification.[6] Plaintiff did not file an objection. The Report and Recommendation is adopted; Defendants Motion to Dismiss is granted; and the lawsuit is dismissed.

---

[1] Report and Recommendation, docket no. 27, filed August 21, 2024.

[2] Motion to Dismiss for Failure to State a Claim, docket no. 20, filed July 30, 2024.

[3] Response to Motion to Dismiss, docket no. 24, filed August 1, 2024.

[4] Reply to Response, docket no. 25, filed August 15, 2024.

[5] Sur-Reply to Motion to Dismiss, docket no. 26, filed August 18, 2024.

[6] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b) (stating a party may file objections to the Report and Recommendation within 14 days of bring served with the recommended deposition).

**BACKGROUND**

As discussed in the Report and Recommendation, pro-se Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA") by reporting a dismissed bankruptcy case on Plaintiff's credit report.[7] Plaintiff also asserts Utah state law claims for intentional infliction of emotional distress, negligence, defamation, and fraud.[8] Plaintiff further alleges Defendants are board members of a credit reporting company, Experian, that refused to remove the reference to Plaintiff's dismissed bankruptcy case from Plaintiff's credit report.

Judge Kohler's Report and Recommendation recommended the Court dismiss Plaintiff's claims with prejudice. Judge Kohler's findings, conclusions, and analysis regarding these portions of the Report and Recommendation are, after review, correct except in two instances. Therefore, the Report and Recommendation is adopted with minor modifications. These modifications deal with: (1) the state law claims of fraud and intentional infliction of emotional distress, and (2) the analysis of the FCRA claim under §1681(g).

**DISCUSSION**

**A.  Service of Process**

**1.  Plaintiff failed to properly serve the Defendants**

A plaintiff has the burden of establishing the validity of service.[9] Federal Rule of Civil Procedure 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Utah law allows service by mail, "provided the defendant signs a document

---

[7] Report and Recommendation at 1.

[8] Complaint at 1-2 (asserting claims for intentional infliction of emotional distress, defamation, and fraud); Plaintiff's Affidavit in Support of Complaint at 2 (asserting claims for violating FCRA and negligence).

[9] *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

indicating receipt."[10] "Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process."[11]

Here, service of the Complaint upon Defendants was defective because although Plaintiff effectuated service by first class mail, there is no evidence that anyone signed for the Summons and Complaint. Additionally, under Rule 4(m) the court must dismiss the action without prejudice or order service be made within 90 days after the complaint is filed.[12] There is no reason to allow Plaintiff additional time to properly serve Defendants since her claims fail on the merits.

### B. Failure to State a Claim

"To survive a motion to dismiss, a plaintiff must plead facts sufficient to state a claim to relief that is plausible on its face."[13] "At the motion-to-dismiss stage, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[14] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[15]

Although the standard of review for pro-se pleadings is liberal, pro-se plaintiffs must still comply with the obligations imposed by the Federal Rules of Civil Procedure and "[t]he duty to

---

[10] Utah R. Civ. P. 4(d)(2)(A).

[11] *Gatlin v. CoreCivic, Inc.*, No. 22-2031, 2022 WL 17333065, at *2 (10th Cir. Nov. 30, 2022) (analyzing a motion to dismiss under Rule 12(b)(5) for insufficient service of process).

[12] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

[13] *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014).

[14] *Id.*

[15] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

liberally construe pro se complaints does not require a court to conjure allegations on a litigant's

behalf."[16]

### 1. Plaintiff failed to state a FCRA claim under §1681(g) because Plaintiff does not allege any facts that support a finding that Defendants violated §1681(g)

Pro-se Plaintiff's affidavit in support of her Complaint argues that Defendants violated

FCRA's §609(a)(1) because they failed to delete false information in Plaintiff's credit report.[17]

FCRA's §609(a)(1) was subsequently renumbered to 15 U.S.C. § 1681(g), and this provision

states:

> Every consumer reporting agency shall, upon request . . . clearly and accurately
> disclose to the consumer: (1) All information in the consumer's file at the time of
> the request[.][18]

Plaintiff's FCRA claim fails because this provision from the FCRA does not require the credit

reporting company to delete information from a creditor's credit report. Instead, this provision

merely requires the credit reporting company to provide the creditor an accurate disclosure of the

contents of their credit file. Plaintiff did not allege any facts that suggested that Defendants

violated 15 U.S.C. § 1681(g).

### 2. Plaintiff's Utah state law claims for negligence and defamation are preempted by FCRA

Plaintiff's negligence and defamation claims are preempted by FCRA. FCRA §1681h(e)

states:

> No consumer may bring any action or proceeding in the nature of defamation,
> invasion of privacy, or negligence with respect to the reporting of information
> against any consumer reporting agency, any user of information, or any person

---

[16] *Alcaraz v. Helton*, No. 2:23-CV-00631, 2023 WL 7552644, at *2 (D. Utah Nov. 14, 2023) (cleaned up).

[17] Affidavit in Support of Complaint, docket no. 1-1, filed May 31, 2024.

[18] 15 U.S.C. § 1681(g) (amending 15 U.S.C. § 609(a)(1)). Although the numbering changed for this section of FCRA, the text of this section remained the same.

who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.[19]

Plaintiff asserted claims for negligence and defamation on the grounds that Defendants allegedly published her credit report with a reference to her dismissed bankruptcy case. These claims are preempted by §1681h(e).

### 3. Plaintiff failed to state a claim for intentional infliction of emotional distress because she did not allege that Defendants engaged in conduct that was outrageous and intolerable

Plaintiff failed to state a claim for intentional infliction of emotional distress because she did not allege the Defendants engaged in conduct that may reasonably be regarded as outrageous and intolerable.[20] In Utah, a claim for an intentional infliction of emotional distress is actionable if:

> (i) the defendant's conduct is outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (ii) the defendant intends to cause, or acts in reckless disregard of the likelihood of causing, emotional distress; (iii) the plaintiff suffers severe emotional distress; and (iv) the defendant's conduct proximately causes the plaintiff's emotional distress.[21]

"Further, it is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery."[22] "However, where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability."[23]

---

[19] 15 U.S.C. § 1681h(e).

[20] Complaint at 1, docket no. 1-1, filed May 31, 2024.

[21] *Hatch v. Davis*, 102 P.3d 774, 784 (Utah Ct. App. 2010).

[22] *Cabaness v. Thomas*, 232 P.3d 486, 499 (Utah 2010).

[23] *Id.*

Plaintiff's Complaint and supporting exhibit allege: (1) Plaintiff was the debtor in a bankruptcy action that was dismissed; (2) Experian's credit report for her contains a "U.S. Bankruptcy item"; and (3) Experian refused to remove the bankruptcy item from her credit report despite her request. Plaintiff failed to state a claim for intentional infliction of emotional distress because Defendants' alleged conduct cannot reasonably be regarded as extreme and outrageous. Plaintiff acknowledges that she was the debtor in a bankruptcy action that was subsequently dismissed. A credit report's reference to a bankruptcy action that did in fact occur is not outrageous or intolerable.

### 4. Plaintiff failed to state a fraud claim because she did not allege any facts to suggest that the Defendants made a false representation

In Utah, the elements that a party must allege to bring a claim for fraud are:

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[24]

As previously stated, Plaintiff's Complaint and supporting exhibit allege: (1) Plaintiff was the debtor in a bankruptcy action that was dismissed; (2) Experian's credit report for Plaintiff contains a "U.S. Bankruptcy item"; and (3) Experian refused to remove the bankruptcy item from her credit report despite her request. Plaintiff's Complaint and supporting affidavit acknowledge that she was a debtor in a bankruptcy that was subsequently dismissed.[25] Additionally, Plaintiff's Exhibit F establishes Experian notified Plaintiff that her bankruptcy case would appear on her credit report for seven years even though her bankruptcy was not

---

[24] *Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2010).

[25] Exhibit F, Experian Report at 26, docket no. 1-1, filed May 31, 2024.

completed.[26] Plaintiff failed to state a claim for fraud because she did not allege that the

Defendants made a false representation.

### CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED. The

Defendants' Motion to Dismiss is GRANTED. Plaintiff's lawsuit is DISMISSED with prejudice.

The Clerk is directed to close this case.

Signed December 13, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[26] Exhibit F, Experian Report at 30.